UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CALVIN THOMAS KING,                           Case No. 18-cv-0662 (SRN/HB)

   Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA and
D.O.C. STILLWATER,

   Respondents.

---

Petitioner Calvin Thomas King pleaded guilty to first-degree aggravated robbery in state court and was sentenced to a 48-month term of imprisonment. King has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, however, King challenges not the legality of his state-court conviction or sentence, but the conditions of his confinement in state prison, alleging that he has been defrauded by prison officials while incarcerated and that his right to freely practice the religion of his choosing has been impeded.[1]

The petition is now before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Pursuant to that

---

[1] King has also filed several petitions for a writ of habeas corpus that do, in fact, challenge the validity of his conviction or sentence. *See, e.g.*, *King v. Minnesota*, No. 18-CV-0156 (PAM/TNL) (D. Minn. filed Jan. 22, 2018). Each of those petitions has been dismissed for failure to exhaust state remedies or has been recommended for such dismissal.

1

review, this Court recommends dismissal of the petition, as the claims raised in the petition are not cognizable on habeas corpus review.

"If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quotation omitted). As stated above, King does not attack the validity of his conviction or sentence in this action. Rather, his petition is aimed at the legality of the conditions he has experienced in prison. Such a claim must be brought in a traditional civil case, not a habeas corpus proceeding. *Id*. at 469-70.

In some contexts, a pleading presented by a pro se litigant as a petition for a writ of habeas corpus may be reinterpreted by the Court as a civil complaint, and the matter may be allowed to proceed accordingly. *Id*. at 471. This Court, however, recommends dismissal rather than reinterpretation of King's pleading. First, even if reinterpreted, King would be required to submit an amended pleading, for the following reasons: (1) his complaint fails to state a claim for relief against any of the named respondents-turned-defendants; (2) the United States government appears to have had no involvement whatsoever in the events at issue in this litigation; and (3) because the State of Minnesota is not a "person," King cannot seek relief against the State of Minnesota—or an administrative unit thereof, such as the prison at which he is confined—directly under 42 U.S.C. § 1983 for any alleged constitutional violations. Second, if reinterpreted as civil litigation, King's complaint would be subject to the Prison Litigation Reform Act ("PLRA"), and King would be required to pay the $350.00 statutory filing fee required of

civil actions filed by prisoners, whether up front or in installments over time.  *See* 28 U.S.C. § 1915(b).  King likely did not intend to pay this filing fee and may not have known of the obligation when he initiated this habeas corpus litigation.  Third, should this action be dismissed for failure to state a claim as *civil* litigation and, as currently pleaded, the complaint must be dismissed, *see* 28 U.S.C. § 1915A—King will incur a "strike" under 28 U.S.C. § 1915(g), thereby imperiling his ability to proceed *in forma pauperis* ("IFP") in the future.

Accordingly, it is recommended that King's habeas petition be dismissed without prejudice.  If King intends to pursue civil litigation based on the claims in the petition, he may initiate a new civil proceeding, bearing in mind that the PLRA will apply to his lawsuit.

Three matters require brief further comment.  First, it is further recommended that King's application to proceed IFP [Doc. No. 3] be denied, because his habeas corpus petition cannot be entertained.  *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).  Second, King's motion to require the government to investigate his claims [Doc. No. 4] should also be denied, because the Court has no authority to require that the government undertake such an investigation.  Third, King has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that King not be granted a certificate of appealability in this matter.  *See* 28 U.S.C. § 2253(c).

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE**.

2. Petitioner Calvin Thomas King's application to proceed IFP [Doc. No. 3] be **DENIED**.

3. King's motion for investigation [Doc. No. 4] be **DENIED**.

4. No certificate of appealability be issued.


Dated: April 24, 2018            s/ *Hildy Bowbeer*
                                 Hildy Bowbeer
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).