**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Calvin Thomas King,<br><br>Petitioner,<br><br>v.<br><br>United States of America and D.O.C. Stillwater,<br><br>Respondents. | Case No. 18-cv-0662 (SRN/HB)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Calvin Thomas King, OID #175897, Minnesota Correctional Facility–Stillwater, 970 Pickett Street, Bayport, Minnesota, 55003, pro se.

Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

**I.   INTRODUCTION**

This matter is before the Court for consideration of Petitioner Calvin Thomas King's Objections [Doc. No. 6] to United States Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R") dated April 24, 2018 [Doc. No. 5]. The magistrate judge recommended that King's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") [Doc. No. 1] be denied, and that this action be dismissed.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify,

in whole or in part, the findings or recommendations" contained in that R&R. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that *de novo* review, and for the reasons set forth below, the Court overrules Petitioner's Objections and adopts the R&R in its entirety.

## II.  BACKGROUND

King is currently incarcerated at the Minnesota Correctional Facility–Stillwater. On July 31, 2017, after pleading guilty to aggravated robbery in the first degree, he received a 48-month sentence. He did not appeal that judgment. (*See* Habeas Pet. at 1.)

In his Habeas Petition, King alleges that a series of events have occurred throughout the State of Minnesota, and potentially the nation, during his incarceration at Minnesota Correctional Facility–Stillwater. (*See id*. 1–4) In particular, King asserts wide-ranging claims of theft, espionage, and interference with his free exercise of religion. (*See id*.) He alleges, for example, that a discrete radio transmitter has been communicating to him a "satanic group['s]" plan to conceal a criminal conspiracy to defraud him. (*See id*. at 3–4.)

Due to the nature of these allegations, Magistrate Judge Bowbeer found that King's Habeas Petition challenges "not the legality of his state-court conviction or sentence, but the conditions of his confinement in state prison," and that such claims "are not cognizable on habeas corpus review." (R&R at 1–2.) Although she noted that courts may sometimes reinterpret pro se habeas petitions as civil complaints, she nevertheless recommended dismissal as opposed to reinterpretation. (*See id*. at 2.) Magistrate Judge Bowbeer found that even if King's Habeas Petition were reinterpreted as a civil

complaint, he would be required to amend it because: (1) it currently fails to state a claim for relief against any of the named respondents-turned-defendants; (2) the United States government appears to have had no involvement whatsoever in the events at issue in the litigation; and (3) given that Minnesota is not a "person," King cannot seek relief from the State or an administrative unit thereof—such as Minnesota Correctional Facility–Stillwater—directly under 42 U.S.C. § 1983 for alleged constitutional violations. (*See id.*) Moreover, Magistrate Judge Bowbeer found that if King's Habeas Petition were reinterpreted as a civil complaint, it would be subject to the Prison Litigation Reform Act ("PLRA"), including its filing fee provisions. *See generally* 28 U.S.C. § 1915(b). However, the magistrate judge found, King likely did not intend to pay, or did not know of, the $350.00 filing fee required under the PLRA for all civil actions filed by prisoners. (R&R at 3.) Finally, Magistrate Judge Bowbeer found that if King's Habeas Petition were to be reinterpreted and consequently dismissed, as it would be for the aforementioned reasons, statutory provisions would threaten King's ability to proceed *in forma pauperis* ("IFP") in the future. (*See id.*)

The magistrate judge made three additional recommendations. She recommended the denial of King's Application to Proceed IFP [Doc. No. 2], the denial of his Motion for Investigation [Doc. No. 4], and the denial of a Certificate of Appealability. (*Id*. at 4.)

King filed timely Objections to the R&R on May 2, 2018, triggering this *de novo* review.

### III. DISCUSSION

**A. King Has Failed to Challenge the Fact of his Imprisonment**

In King's Objections, he primarily disputes the magistrate judge's recommendation against reinterpreting his Habeas Petition as a civil complaint, stating, "I hereby object to this report and recommendation, based on the fact that this was done as a civil action pushing the court to invest [sic] in the issue." (Obj. at 1.) King also reiterates the substantive arguments contained in his Habeas Petition—*e.g.*, that he is the victim of identity theft and espionage. (*Id.*)

The Supreme Court has held that a habeas corpus petition is the sole federal remedy available to state prisoners challenging the fact of their imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014) (per curiam) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)) (stating that a habeas petition is not the proper remedy unless a prisoner is challenging the validity of his conviction or the length of his detention). King, however, asks the Court to review matters unrelated to the fact of his imprisonment. (*See* Obj. at 1.) On this basis alone, King's Habeas Petition must be dismissed. *See Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017).

As the magistrate judge correctly noted, however, in some instances, a court may reinterpret a habeas petition as a civil complaint. (R&R at 2 (citing *Spencer*, 774 F.3d at 471).) But, even granting King's Habeas Petition this broad interpretation, *see Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000) (citing *Young v. Armontrout*, 795 F.2d 55, 56 (8th Cir. 1986)), for the reasons identified by the magistrate judge, it still fails to state

4

a claim on which relief can be granted. (*See* R&R at 2.) As Magistrate Judge Bowbeer found, King's filing fails to state a proper claim against any of the respondents-defendants; the United States Government appears to be uninvolved in the events at issue; and King may not assert a § 1983 action against the State of Minnesota. *See Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2008) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))); (*See* R&R at 2.) Accordingly, even if this Court were to interpret King's Habeas Petition as a civil complaint, it would be immediately dismissed *sua sponte*. *See* 28 U.S.C § 1915A(a)–(b). Moreover, this dismissal could potentially limit King's ability to bring a civil suit in the future. *See generally* 28 U.S.C. § 1915(g) (limiting prisoners to bringing three civil actions or appeals of judgment IFP where such actions are dismissed as frivolous, malicious, or for failure to state a claim). Accordingly, this Court agrees with the magistrate judge that King's Habeas Petition should not be reinterpreted as a civil complaint.

For all of these reasons, King's Habeas Petition is dismissed without prejudice. In light of this ruling, his Application to Proceed IFP and Motion to Investigate are denied as moot.

### B. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a

5

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a "showing" requires that he demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, King has not made such a showing, and thus is not entitled to a Certificate of Appealability.

## IV.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Hildy Bowbeer's R&R of April 24, 2018 [Doc. No. 5] is **ADOPTED** in its entirety;

2. Petitioner's Objections [Doc. No. 6] are **OVERRULED**;

3. This action is **DISMISSED WITHOUT PREJUDICE**;

4. Petitioner's Application to Proceed IFP [Doc. No. 3] is **DENIED AS MOOT**;

5. Petitioner's Motion for Investigation [Doc. No. 4] is **DENIED AS MOOT**; and

6. No certificate of Appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 27, 2018               s/Susan Richard Nelson
                                   SUSAN RICHARD NELSON
                                   United States District Judge